## MARK L. McDONALD, APPELLANT, *v.* ERWIN DAVIS, RESPONDENT.

*Bankruptcy proceedings — order allowing a plaintiff to continue an action against the bankrupt — effect of a subsequent discharge of the bankrupt, upon the order.*

On September 15, 1869, the defendant was adjudged a bankrupt by the United States District Court for California, upon his voluntary petition, filed on the eleventh of that month, and an order was then made restraining the plaintiff from prosecuting an action commenced by him against the defendant in one of the district courts of that State. On February 25, 1873, the plaintiff moved in the bankruptcy court for and procured an order reciting that no assets had come into the hands of the assignee; that the defendant had been guilty of laches in prosecuting his proceeding, no steps having been taken by him to procure his discharge, and directing that the plaintiff be at liberty to proceed with his action in the same manner as he might have done if no restraining order had been made, and that if he should obtain judgment therein, he should be at liberty to sue out execution and take any other proceedings thereunder that the law and practice of the State court permitted.

The plaintiff, having recovered a judgment in 1873, thereafter, in 1876, brought an action in this court upon it, in which the defendant appeared and answered. Thereafter, and in March, 1877, the defendant procured a discharge in bankruptcy and pleaded the same in his answer to an amended complaint served by the plaintiff.

*Held,* that the discharge was to be construed in connection with the order, which still remained in force ; that when so construed there was no inconsistency between them, and that the effect of the order was to except the indebtedness for which this action was brought from the operation of the subsequent discharge.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint made at the New York Circuit.

*J. K. Herbert* and *Charles James,* for the appellant.

*Henry A. Root,* for the respondent.

DAVIS, P. J. :

The appellant commenced a suit against the respondent in the Twelfth District Court of the State of California on the 6th day of September, 1869. On the eleventh day of the same month the respondent filed his voluntary petition in bankruptcy in the District Court of the United States for California. On the fifteenth day of the same month he was adjudicated a bankrupt, and a restraining order was issued by the court in bankruptcy which stayed the prosecution of the appellant's action in the State court. The appellant's cause of action which was on contract, was proved in bankruptcy. No assets came to the assignee in bankruptcy. No further steps were taken by the bankrupt in his proceedings in the bankruptcy court, and no attempt was made to obtain his discharge till the time hereinafter mentioned. The bankruptcy proceedings remaining in that condition, on the 25th day of February, 1873, the appellant made a motion in the bankruptcy court, on the ground of the laches of the respondent in prosecuting his proceeding, to vacate the restraining order, and for leave to prosecute his suit in the State court to judgment and execution. The motion was granted, and it was ordered that the appellant be at liberty to proceed with said action in the same manner as he might have done if no restraining order had been issued, and that if he should obtain judgment therein he should be at liberty to sue out execution and to take any other proceedings thereunder that the law and practice of the State court permitted. Thereupon the plaintiff proceeded in the action and recovered judgment in February, 1873, against the defendant in the sum of

$7,423 in gold and $38.25 costs. In July, 1876, an action was commenced in this court by personal service in this city, on the judgment so recovered. The respondent appeared and answered. Afterwards, and in or about the month of March, 1877, the respondent obtained from the said United States District Court in Bankruptcy a discharge in his bankruptcy proceedings, which discharge he pleaded in answer to the complaint in this action when subsequently amended by plaintiff. This court upon motion had previously refused to give him leave to plead the same on the ground assigned in the opinion of Mr. Justice Daniels. (*McDonald* v. *Davis*, 19 Hun, 95.)

At the trial, after proof of the judgment of the State court of California and of the appellant's ownership thereof, the respondent produced and put in evidence his discharge in bankruptcy. The appellant then proved and put in evidence the order of the Court of Bankruptcy, above mentioned, which vacated the stay and authorized the prosecution of the suit to judgment and execution, and such other proceedings as the law and practice of the State court permitted. The court thereupon dismissed the complaint and gave judgment for the respondent with costs.

The question presented is as to the effect of the order of the Court of Bankruptcy of the 25th of February, 1873. In considering the effect of that order it is important to recall, with precision, the several dates of the proceedings in bankruptcy, the character of the proceedings and the condition of the bankrupt law at that time. The proceeding of the respondent in bankruptcy was a voluntary one. It was commenced on the 11th of September, 1869; he was adjudged a bankrupt on the fifteenth of that month. No assets came to the hands of the assignee.

The right of the bankrupt to a discharge was then controlled by section 29 of the bankruptcy laws (14 U. S. Stat. at Large, p. 531 [chap. 176 of 1879], § 29), which declares that if no assets have come to the hands of the assignee, the bankrupt may apply to the court for a discharge from his debts, at any time after the expiration of sixty days and within one year from the adjudication in bankruptcy.

It has been held that this provision as to time is not a direction but a requirement, and that where he may apply after sixty days he

· must apply within one year. This is put on the ground that the act grants a conditional privilege, which can only be claimed or enjoyed on compliance with the condition. (Bump on Bank., 240, and cases there cited.)

· The respondent made no application for the discharge within one year after he was adjudicated a bankrupt, nor indeed within more than seven years. After more than three and a-half years had elapsed, the appellant took steps to relieve himself from the restraining order which had been granted on the application of the bankrupt. Under the provisions of the twenty-first section of the act (Rev. Stat. [U. S.], § 5106), the court undoubtedly had power to relieve him. It might have done so by dismissing the petition *in toto*, which would have operated for the benefit of all creditors, or the plaintiff might obtain an order which should, in effect, dismiss it wholly as to himself, and thus make the laches of the bankrupt operate to prevent any discharge that could affect the enforcement of his debt against future assets of the bankrupt. He took the latter course.

The recitals of the order of the bankruptcy court show that it proceeded upon a state of facts under which the right to the discharge, under the section of the act first above cited, was deemed to be lost by neglect as against the appellant. The recital is as follows:

"And it further appearing that they duly proved their claim against the estate of the said bankrupt, and that no part of the same has been paid, and that no assets have come into the possession of the assignee of the estate of said bankrupt out of which said claim or any part thereof has been or can be paid; and it further appearing that said bankrupt has not been, or made any application to be, discharged from his debts under the bankruptcy act, it is ordered," etc.

Clearly, the court intended to give the fullest relief to appellant in its power under this state of facts; and so it proceeded to order that the action in the State court might proceed; and that if the plaintiffs therein obtained judgment they should be at liberty to sue out execution, and to take any other proceedings thereunder that the law and practice of that court permits to enforce the judgment. This means nothing, or it is equivalent to adjudging that

the suit and the judgment and execution thereon shall not be affected by a discharge in bankruptcy of the respondent, if any were subsequently obtained.

The court could not have intended, and did not intend, to grant an idle and useless privilege which could at any time be made unavailing by an *ex parte* discharge in bankruptcy to be granted to the respondent. It meant, on the other hand, to adjudicate that, as against the appellant, the respondent had lost his right or privilege to have any such discharge under the law. The order should be construed as adjudicating that precise thing; and while it stands in force it must be held to except the indebtedness for which the action was brought, and upon which the judgment was recovered, out of the operation of the subsequent discharge. It was, in other words, equivalent to a dismissal of the proceedings in bankruptcy, *pro tanto*, and, in so far as they affected the appellant's demand, proved in bankruptcy, and which might be recovered in the pending suit. The respondent could not be discharged as to such indebtedness without first obtaining an order vacating or modifying the order of 25th of February, 1873. This he has not done; and that order, while it stands in force as a part of the proceedings in bankruptcy, shows upon its face that, by reason of the bankrupt's gross laches, he is entitled to no discharge as against the appellant's claim and the judgment recovered thereon. There is no inconsistency between it and the order of discharge afterwards obtained, because the record in bankruptcy is to be read as a whole; and when so read, it discloses the fact that the formal discharge is not applicable to appellant's judgment, and the reasons why it is not.

In our opinion the appellant was entitled to recover upon the judgment on which this action was brought, and it was error to dismiss his complaint.

The judgment should, therefore, be reversed and a new trial granted, with costs of appellant to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed; new trial granted; costs to appellant, to abide event.